UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
OCT 0 2 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

| | | |
|---|---|---|
| MICHAEL BYRNE, | § | |
|     Plaintiff. | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GEO GROUP, INC., | § | **DR 0 9 CA 0 5 8** |
|     Defendant. | § | |

## NOTICE OF REMOVAL

TO:   Plaintiff Michael Byrne, by and through counsel, Michael V. Galo, Jr., Galo Law Firm, P.C., 4230 Gardendale, Bldg. 410, San Antonio, Texas 78229

Please take notice that on October 2, 2009, Defendant The GEO Group, Inc., filed in the United States District Court for the Western District of Texas, Del Rio Division, a Notice for the removal of the above-entitled cause of action from the 83rd Judicial District Court of Val Verde County, Texas.

### I.

This action was commenced against Defendant in the District Court for the 83rd Judicial District, Val Verde County, Texas, by the above-named Plaintiff on September 15, 2009. Defendant was served on September 22, 2009, and this Notice of Removal is timely filed within thirty days of that date. Defendant has consented to the removal of this case to the United States District Court in Del Rio and this Notice of Removal is timely filed within thirty days of that date.

### II.

Defendant states that this action is of a civil nature, of which the district courts of the United States have original jurisdiction under the provision of 28 U.S.C. § 1331 and which may be removed to this court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it alleges claims under Federal



statutes. As appears on the face of Plaintiff's Original Petition filed with the state district court on or about September 15, 2009, this action arises under the laws of the United States. Specifically, Plaintiff brings this cause for damages for alleged violations under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2000).

### III.

Defendant states that the action was commenced on September 15, 2009, when Plaintiff filed his Original Petition. Defendant was served on September 22, 2009; therefore the time has not elapsed within which Defendant is allowed to file this Notice of Removal of action to this Court. Copies of Plaintiff's Original Petition and Jury Demand, Citation, Defendant's Original Answer, and a certified copy of the state court's docket sheet are attached hereto. No orders were entered by the state court prior to removal. Defendant is filing this Notice within the thirty day limit from the time this case became removable.

### IV.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this cause be removed to the United States District Court for the Western District of Texas, Del Rio Division.

Respectfully submitted,

_____
BRIDGET ROBINSON
State Bar No. 17086800

WALSH, ANDERSON, BROWN
ALDRIDGE & GALLEGOS, P.C.
P. O. Box 2156
Austin, Texas 78768
Office: (512) 454-6864
Fax:    (512) 467-9318
Email: brobinson@wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that on the 1st day of October, 2009, a true and correct copy of the foregoing pleading was served upon counsel of record by United States mail, certified, return receipt requested, addressed as follows:

  *via* **CMRRR 7160 3901 9848 2931 9394**
  Michael V. Galo, Jr.
  Galo Law Firm, P.C.
  4230 Gardendale, Bldg. 410
  San Antonio, Texas 78229

/s/ Bridget Robinson<br>Bridget Robinson

# ATTACHMENTS

Plaintiff's Original Petition and Jury Demand

Citation of Service / Service of Process Notice

Defendant's Original Answer

Certified Copy of Civil Docket Sheet for
Case No. 27913; *Michael Bryne vs. Geo Group, Inc.*

Cause No. **27913**

| | | |
|---|---|---|
| MICHAEL BYRNE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | OF VAL VERDE COUNTY |
| | § | |
| GEO GROUP, INC. | § | |
| | § | |
| Defendant | § | 83rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

For his Original Petition against Defendant The Geo Group, Inc., Plaintiff Michael Byrne shows the following:

### Introduction

1. Defendant Geo Group, Inc. owns and operates "private" prisons across the country. Michael Byrne worked for Defendant as a corrects officer at the Company's correctional facility in Del Rio, Texas, the Val Verde Correctional Facility. Byrne also has a hearing impairment that constitutes a disability under the Americans with Disabilities Act (ADA) and the Texas Commission on Human Rights Act. Defendant discriminated against, harassed, and failed to provide reasonable accommodation to Byrne in violation of applicable law. After Byrne informally protested and filed an EEOC charge that resulted in a "cause" finding, Defendant commenced a pattern of retaliation that culminated in Byrne's discharge for the pretextual reason that he refused to work overtime. Other employees had refused to work overtime and were not fired. Defendant discharged Byrne because of his disability and/or because he had engaged in protected activity under the ADA and the TCHRA. Byrne now sues for damages and equitable relief.

COPY
Original Filed
SEP 15 2009

DISTRICT CLERK
VAL VERDE COUNTY, TX

1

### Discovery

2. Byrne desires to prosecute this case under discovery level II.

### Parties

3. Michael Byrne is an individual residing in Val Verde County, Texas. He may be served with papers and pleadings in this case through the undersigned counsel.

4. The Geo Group, Inc. is a foreign corporation authorized to do business in the State of Texas. It may be served with process through its registered agent, Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027. Defendant maintains its corporate offices and principal place of business at 621 NW 53rd St., Suite 700, Boca Raton, Florida 33487.

### Jurisdiction and Venue

5. The Court possesses subject-matter jurisdiction over this case because Plaintiff's damages exceed the minimum jurisdictional amount of this Court. The Court possesses personal jurisdiction over Defendant because Defendant continuously conducts business in the State of Texas. Venue is proper in Val Verde County because a majority of the facts giving rise to Byrne's claims occurred in Val Verde County.

### Statement of Facts

6. Defendant owns and operates "private" prisons across the United States. Byrne worked for Defendant at the Val Verde Correctional Facility in Val Verde County as a corrections officer. Byrne has been hearing-impaired since birth, and this impairment constitutes a disability under the Americans with Disabilities Act (as recently amended) and the Texas Commission on Human Rights Act.

7. Byrne's supervisors and managers repeatedly ridiculed and harassed him due to his disability. This harassment affected the terms and conditions of Byrne's employment with Defendant. Defendant also denied Byrne a reasonable accommodation.

8. Byrne complained up the chain of command regarding this harassment, but the harassment and ridicule continued. Consequently, Byrne filed an EEOC. The harassment still continued. Management even instructed Byrne to drop his complaint, as it could be handled internally.

9. Defendant retaliated against Byrne. This retaliation included, but was not limited to, unwarranted discipline and culminated in Byrne's discharge from employment.

10. The EEOC investigated Byrne's claim and ultimately concluded that Byrne's rights had been violated under the Americans with Disabilities Act. Byrne now brings this suit after having exhausted his administrative remedies.

First Cause of Action: Disability Discrimination and Harassment

11. Byrne re-asserts and incorporates by reference Paragraphs 1 through 9 supra.

12. Byrne suffers from a disability within the meaning of applicable law. Defendant harassed Byrne because of his disability and also denied him a reasonable accommodation. Defendant's harassment of Byrne affected the terms and conditions of Byrne's employment. Byrne complained to management about the harassment, the harassment did not stop. Defendant failed to take prompt and effective remedial action. 13. Ultimately, Defendant discharged Byrne from employment, and Byrne contends that this discharge was motivated, at least in part, because of Byrne's disability.

14. As a result of Defendant's unlawful conduct, Byrne has suffered lost wages, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and inconvenience.

Byrne now sues for these damages. Moroever, because Defendant acted with malice and/or with reckless indifference to Byrne's federally-protected rights, Byrne is entitled to an award of exemplary damages.

## Second Cause of Action: Retaliation

15. Byrne re-asserts and incorporates by reference Paragraphs 1 thorugh 14 supra.

16. Byrne engaged in protected activities under the ADA and the TCHRA by complaining of disability discrimination in good faith. This included both internal complaints to Defendant's management as well as a formal complaint to the EEOC.

17. Defendant retaliated against Byrne by unfairly disciplining him and ultimately discharging him because of his informal and formal complaints of discrimination. As a result of Defendant's illegal conduct, Byrne has suffered lost wages, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and inconvenience. Byrne now sues for these damages. Moreover, because Defendant acted with malice and/or with reckless indifference to Byrne's federally-protected rights, Byrne is entitled to an award of exemplary damages.

## Request for Jury Trial

18. Byrne requests a trial by jury.

## Conclusion and Prayer

19. Byrne prays that, upon final judgment, he be awarded the following:

    a. Lost wages;

    b. Compensatory damages to the maximum extent allowed by law;

    c. Exemplary damages;

    d. Attorney fees;

    e. Costs of court;

    f.    Front pay or reinstatement; and

    g.    All other relief to which he is entitled.

Dated this ___ day of September, 2009.

Respectfully submitted,

*[signature]*

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: (210) 616-9800
Facsimile: (210) 616-9898
**ATTORNEY FOR PLAINTIFF**

## CITATION PERSONAL SERVICE

THE STATE OF TEXAS:    Cause No. <u>27913</u>

MICHAEL BYRNE § IN THE DISTRICT COURT
VS. § 83RD JUDICIAL DISTRICT
GEO GROUP, INC. § VAL VERDE COUNTY, TEXAS

TO: <u>GEO GROUP, INC., BY SERVING ITS REGISTERED AGENT, CORPORATE CREATIONS NETWORK, INC., 4265 San Felipe #1100, San Antonio, Bexar County, Texas 77027</u>. Defendant - GREETINGS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable <u>83rd Judicial District</u> Court of Val Verde County, at the Courthouse in said County in Del Rio, Texas. Said Plaintiff's Petition was filed in said court on the <u>15th</u> day of <u>September</u>, 2009 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this <u>15th</u> day of <u>September</u>, 2009.

Attorney for Plaintiff (or Plaintiff):
<u>Michael V. Galo, Jr.</u>
<u>GALO LAW FIRM, P. C.</u>
<u>4230 Gardendale, Bldg. 401</u>
<u>San Antonio, Texas 78229</u>

Clerk of the Court:
LUZ CLARA BALDERAS, DISTRICT CLERK
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544, Del Rio, Texas 78841-1544

By _____, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2009 at _____ o'clock ___ M and executed the _____ day of _____ 2009 by delivering to respondent _____ in person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ 20___ at _____ o'clock ___ M at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____.

[ ] Information received as to the whereabouts of defendant being _____.

Fees ........... $_____

_____ Sheriff/Constable
_____ County, Texas
By_____ Deputy/Authorized Person

Service I.D. No. _____

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 2009.

_____, Notary Public


# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

*ADDRESS SERVICE REQUESTED*

September 22, 2009

The GEO Group, Inc.

John Bulfin Senior VP & General Counsel
The GEO Group, Inc.
621 N.W. 53 Street, Suite 700
BOCA RATON FL 33487

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.    **SOP#: 2009-89**

| # | Field | Value |
|---|---|---|
| 1. | Client Entity: | The GEO Group, Inc. |
| 2. | Title of Action: | Michael Byrne v. The GEO Group, Inc. |
| 3. | Document(s) Served: | Citation Personal Service; Plaintiff's Original Petition and Jury Demand |
| 4. | Court/Agency: | Val Verde County 83rd Judicial District Court |
| 5. | State Served: | Texas |
| 6. | Case Number: | 27913 |
| 7. | Case Type: | Disability Discrimination and Harassment |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Monday 9/21/2009 |
| 10. | Date to Client: | Tuesday 9/22/2009 |
| 11. | # Days When Answer Due: / Answer Due Date: | CAUTION: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | SOP Sender: (Name, City and Phone Number) | MGM & Associates, San Antonio, TX, N/A |
| 13. | Shipped By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Notes: | |

This notice is provided for general information purposes only and should not be considered a legal opinion. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



CAUSE NO. 27913

| | | |
|---|---|---|
| MICHAEL BYRNE,<br>   Plaintiff. | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | VAL VERDE COUNTY, TEXAS |
| THE GEO GROUP, INC.,<br>   Defendant. | §<br>§<br>§ | 83rd JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, The GEO Group, Inc., and files its Original Answer. In support thereof, Defendant shows the Court as follows:

### I.

#### ORIGINAL ANSWER

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation in Plaintiff's Original Petition and any subsequent amendments thereto, and demands strict proof thereof sufficient to satisfy Plaintiff's burden of proof.

### II.

#### ENTITLEMENTS AND DEFENSES

2. Defendant asserts its entitlement to immunity for all claims asserted against it. As a company and facility that contracts with Val Verde County and, through an inter-governmental agreement with Val Verde County, the United States Marshal Service, Defendant The GEO Group, Inc. is the equivalent of a unit of government of the state and as such, is protected from liability by the doctrine of Eleventh Amendment immunity, sovereign immunity, and governmental immunity.

Original Filed

SEP 28 2009

DISTRICT CLERK
VAL VERDE COUNTY, TX

3. Defendant affirmatively asserts that there has been no waiver of Defendant's immunities in this case. Defendant also asserts that Plaintiff has not and cannot state a claim for which relief may be granted or, alternatively, that Defendant is entitled to summary judgment on Plaintiff's claims.

4. Defendant affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Defendant asserts lack of jurisdiction, in whole or part, over the causes of action asserted by Plaintiff, for which immunity has not been waived.

6. Defendant asserts lack of jurisdiction, in whole or part, over the causes of action asserted by Plaintiff due to Plaintiff's failure to exhaust administrative remedies prior to the initiation of suit.

7. Defendant claims its entitlement to the defenses of waiver, estoppel, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to timely suit following the issuance and receipt of a right to sue letter, failure to mitigate damages, and after-acquired evidence for any and all claims asserted against it.

8. Defendant specifically denies that all jurisdictional prerequisites have been met by Plaintiff. Defendant also denies that all conditions precedent to the filing of this suit have been performed.

9. Defendant asserts that Plaintiff failed to timely initiate and exhaust administrative remedies with the Equal Employment Opportunity Commission (EEOC), the Texas Commission on Human Rights (TCHR), and the Texas Workforce Commission Civil Rights Division (TWCCRD). Defendant also asserts Plaintiff's failure to timely file suit following the receipt of a right to sue

letter.

10. Defendant asserts that Plaintiff's failure to mitigate damages by accepting Defendant's unconditional offer of reinstatement prohibits Plaintiff's ability to seek or recover damages following the date on which reinstatement was offered and refused.

11. Defendant denies that it committed any act or omission which would constitute a violation of the Americans with Disabilities Act (ADA), Texas Commission on Human Rights Act (TCHRA), or Chapter 21 of the Texas Labor Code.

12. Defendant specifically asserts that Plaintiff cannot state a cause of action for employment discrimination, harassment, or retaliation in violation of the ADA, TCHRA, or Texas Labor Code. Plaintiff cannot establish the elements necessary to state a cause of action for employment discrimination, harassment or retaliation under the ADA or TCHRA.

13. Additionally, even if Plaintiff could establish the elements necessary to state a claim (which Defendants deny), Defendant asserts its entitlement to the affirmative defenses under *Ellerth, Faragher*, and their progeny. *See Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998). Moreover, Defendant asserts that: (1) it exercised reasonable care to prevent and correct promptly any sexually harassing or discriminatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

14. Defendant affirmatively asserts that there has been no waiver of Defendant's immunities in this case. Defendant also asserts that the Court lacks jurisdiction as result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were timely exhausted and suit timely initiated. Alternatively, Defendant

is entitled to summary judgment on Plaintiff's claims.

15.  Defendant asserts that Plaintiff's failure to timely initiate administrative remedies, failure to exhaust administrative remedies, and / or failure to timely file suit following the issuance and receipt of a right to sue letter deprives this Court of jurisdiction over Plaintiff's claims.

16.  Defendant asserts that any challenged action, practice, or policy is job-related and reasonably necessary to business operations.

17.  Defendant asserts that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-harassing, and non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

18.  Defendant specifically invokes all statutory limitations of liability and all statutory limitations of damages (caps) applicable to any and all asserted causes of action in this case.

19.  Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

20.  Defendant asserts that its liability, if any, and Plaintiff's damages, if any, are limited due to Plaintiff's actions.

21.  Defendant denies that Plaintiff is entitled to lost wages, compensatory damages, exemplary damages, attorney's fees, costs of court, front pay or reinstatement, or any other type or form of relief for any reason asserted in Plaintiff's Original Petition.

22.  Defendant asserts the statutory limitations of liability and the statutory limitations of damages imposed by TEX. LABOR CODE ANN. § 21.2585, 42 U.S.C. § 1981a, and 42 U.S.C. § 2000e-5.

23. Defendant denies that Plaintiff is entitled to any form of relief or damages, including but not limited to exemplary damages. Defendant affirmatively asserts that it is not subject to exemplary damages.

24. Pleading affirmatively and alternatively, Defendant asserts that Plaintiff is barred from recovering exemplary damages, if any, by the protections afforded under the First Amendment and Fourteenth Amendment to the United States Constitution and under Article I Section 8 of the Texas Constitution and under the Due Process Clauses of the Texas and the United States Constitutions.

25. Defendant asserts its entitlement to recover its attorneys' fees and costs incurred in defending this matter.

26. Further, Defendant would show that all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation. Defendant thereby seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to the Texas Rules of Civil Procedure, the Federal Rules of Civil Procedure, the ADA, 42 U.S.C. § 12205, the TCHRA, the Texas Labor Code, the Texas Civil Practice and Remedies Code, and judicial interpretation.

### III.

#### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit; that Defendant recover all costs and attorneys' fees herein expended; and that Defendant be awarded all such other and further relief, both general and specific, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

*(signature)*

BRIDGET ROBINSON
State Bar No. 17086800

WALSH, ANDERSON, BROWN
ALDRIDGE & GALLEGOS, P.C.
P. O. Box 2156
Austin, Texas 78768
Office: (512) 454-6864
Fax:    (512) 467-9318
Email: brobinson@wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2009, I filed the foregoing with the Clerk of the Court and that a true and correct copy of the foregoing was served upon counsel of record via United States Mail, certified, return receipt requested, as follows:

*via* **CMRRR 7160 3901 9848 2931 9370**
Michael V. Galo, Jr.
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 410
San Antonio, Texas 78229

*(signature)*

BRIDGET ROBINSON

# CIVIL DOCKET

CASE NO. 27913

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 27913 | MICHAEL BYRNE | MICHAEL V. GALO, JR. | SUIT ON DISCRIMINATION | 09 | 15 | 2009 |
| | vs. | Plff. | | Jury Fee $30.00 | | |
| | | | | Paid by PLT. | | |
| FEE BOOK | GEO GROUP, INC. | | | Jury No. | | |
| Vol. 83RD  Page | | Dft. | | | | |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |

A TRUE COPY, I CERTIFY
WUZ CLARA BALDERAS, District Clerk
Val Verde County, Texas
By: [signature]

| Home | | | | | | | |
|---|---|---|---|---|---|---|---|
| Log Out | Cases | Parties | Case Details | Payments | Search | Reports | Maintenance | Class Act |

## View All Events

**New Case**

**View/Edit Case**

**Defendant/Respondent**

**Plaintiff/Petitioner**

**Other Party**

**Other Primary Party**

**Attorney**

**Court Registry**

**Child Support**

**Event**

**Court Setting**

**Fee/Fine**

**Payment**

**Bill of Cost**

**Case Summary Report**

Cause Number:
**27913**

Court:
**83rd District Court**

Type           Disposition Date
**1. INJURY OR DAMAGE OTHER THAN MOTOR VEHICLE**

Style:
**MICHAEL BYRNE VS. GEO GROUP, INC.**

File Location:
**09/16/09 JURY - A**

Filing Date:
**09/15/2009**

Disposition Type

Enter another Event

View all   select all

[ Select ]

### All Events

| # | Type | Date | Description | Image | Pages |
|---|---|---|---|---|---|
| 1. | CITATION ISSUED | 09/15/2009 | CITATION ISSUED - GEO GROUP INC., BY SERVING ITS REGISTERED AGENT, CORPORATE CREATIONS NEWWORK, INC (OOC-MTA) | 439909.tif | 1 |
| 2. | JURY DEMAND | 09/15/2009 | JURY DEMAND F/PLTF | 439900.tif | 1 |
| 3. | ORIGINAL PETITION | 09/15/2009 | PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND | 439899.tif | 6 |